UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LARRY D. REAVES,<br><br>                          Plaintiff,<br>    v.<br><br>VTA TRANSIT COMPANYS,<br><br>                        Defendants. | Case No. 3:14-cv-00557-MMD-WGC<br>Case No. 3:14-cv-00594-MMD-WGC<br>Case No. 3:14-cv-00658-MMD-WGC<br>Case No. 3:14-cv-00666-MMD-WGC<br>Case No. 3:14-cv-00671-MMD-WGC<br>Case No. 3:15-cv-00027-MMD-WGC<br>Case No. 3:15-cv-00033-MMD-WGC<br>Case No. 3:15-cv-00049-MMD-WGC<br>Case No. 3:15-cv-00052-MMD-WGC<br>Case No. 3:15-cv-00053-MMD-WGC<br>Case No. 3:15-cv-00078-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 3) ("R&R") relating to plaintiff's initiation of forty-seven separate cases in this District. The Defendants include various entities, including the Department of Veteran Affairs, Second Judicial Security Officers, Western Union, VA Police, VA Sierra Nevada Healthcare Services, VA Medical Center, the Social Security Administration, Men's Shelter of Reno, Nevada, Barak Obama, TEAM, AMVET, JOH Blankenship, Criminal Division, Judge, District Attorney, San Mateo County, Veterans Services, Reno International Airport, Delta Airlines, Southwest Airlines, U.S. Airways, Inc., American Airlines, TSA, Amtrak, VA Regional Offices, Hilton Gardens Inn, DAV, Motel 6, Jose Rivero, Mrs. Becky, U.S. Navy, and U.S. Navy Reserve.  No objection to the R&R has been filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R. The R&R points out that in this action, the Court ordered that Plaintiff either pay the filing fee or submit a proper application to proceed in forma pauperis. (3:14-cv-00557-MMD-WGC, dkt. no. 3.) In response to the Court's order, Plaintiff submitted an IFP application, but it is largely illegible, does not state facts as to his poverty with any particularity, and does not appear to have been signed by Plaintiff under penalty of perjury. (3:14-cv-00557-MMD-WGC, dkt. no. 4.) As further discussed in Magistrate Judge Cobb's R&R, for the most part, the "initiating documents" consist of pages that appear to vaguely-mimic the format of a complaint, sometimes including a caption, but then just contain random words such as

"terrorism" and "corruption," or dates and numbers with scribbled notes that are by and large indecipherable. (*See id.*) Some of the "initiating documents" also include copies of blank forms from various government agencies such as instructions for depositing social security checks (*see id.*), forms regarding identity theft and instructions from the Social Security Administration (*see, e.g.,* 3:14-cv-00658-MMD-WGC, dkt. no. 1-1), and even receipts from fast food restaurants and other stores (*see* dkt. no. 3:14-cv-00595-RCJ-WGC at dkt. no. 1-1 at 7). Others contain a caption page and nothing else. (*See* 3:14-cv-00659-RCJ-WGC at dkt. no. 1-1, 3:15-cv-00052-MMD-WGC at dkt. no. 1-1.) The Court agrees that each of these actions should be dismissed because they are clearly frivolous and fail to state any claim upon which relief may be granted. The actions are incomprehensible, and contain no factual allegations, but merely words on pages, occasionally accompanied by a document that may or may not have any relevance to the words contained on the associated pages. Upon reviewing the R&R and Plaintiff's filings in his cases before this Court, this Court finds good cause to accept and adopt the Magistrate Judge's R&R in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 3) is accepted and adopted in its entirety.

It is further ordered that each of plaintiff's complaints listed above is dismissed with prejudice.

The Clerk is directed to close this case.

DATED THIS 4th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE